IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OSCAR MONTGOMERY,

       Petitioner,

vs.

UNITED STATES OF AMERICA,

       Respondent.

Case No. 12-cv-191-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Docs. 1 & 3) and his memorandum in support (Doc. 2).

**1. Facts**

On August 8, 2007, Petitioner entered a plea of guilty to one count of possession with intent to distribute crack cocaine (between four and fifty grams) and one count of possession with intent to distribute crack cocaine (less than 5 grams), both in violation of 21 U.S.C. § 841(a)(1). *See United States v. Montgomery*, 07-cr-40028 (Doc. 27). The written plea agreement included a waiver of Petitioner's rights to appeal and to collaterally attack his sentence (Doc. 29 in criminal case).

On November 15, 2007, the undersigned Judged sentenced Petitioner to 288 months imprisonment, a total of eight years supervised release, a $600 fine, and a $200 special assessment (Doc. 36 in criminal case). Judgment was entered on November 28, 2007 (Doc. 36 in criminal case). Petitioner did not file a direct appeal, nor did he apply for a writ of certiorari to the Supreme Court of the United States. He did, however, file a *pro se* motion for retroactive

application of new crack cocaine sentencing guidelines on June 21, 2012 (Doc. 43 in criminal case).  That motion is still pending.

**2.  Analysis**

As an initial matter, the Court must determine whether Petitioner's § 2255 motion is timely.  Prisoners used to be able to file motions under § 2255 at any time during their sentences.  However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255), which added a one-year limitations period for a motion attacking a sentence.  The one-year limitations period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Where a petitioner does not file a direct appeal, the statute of limitations bars any § 2255 action commenced one year and ten days after sentencing.  28 U.S.C. § 2255; Fed. R. App. P. 4 (appeal in a criminal case must be filed within ten days of entry of judgment).  Here, Petitioner filed his § 2255 motion well over four years after judgment was entered in his criminal case.  Accordingly, he clearly fails to meet the limitations period under (f)(1).

Petitioner, however, argues that a Supreme Court case entitles him to relief under section (f)(3). The case to which he cites is *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), decided on June 14, 2010, which held that state simple possession convictions not based on the fact of a prior conviction are not aggravated felonies for the purposes of immigration law. Accordingly, if *Carachuri-Rosendo* satisfied the requirements under (f)(3), Petitioner was required to file his § 2255 motion by June 14, 2011. Because Petitioner did not file the instant § 2255 motion until October 1, 2012, he has also failed to meet the one-year limitations period of (f)(3).

Petitioner, acknowledging that his motion is late under this standard, argues that "this information is newly discovered information" because he did not discover this case until January 2012 when another inmate brought this case to his attention. Petitioner appears to ask this Court to apply the principles of equitable tolling to excuse his untimeliness. Petitioner's ignorance of this case, however, is not sufficient for this Court to apply the doctrine of equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.") Accordingly, because Petitioner has failed to meet the one-year limitations period, the Court must deny his § 2255 motion.

### 3. Certificate of Appealability

Having denied Petitioner's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a Petitioner has made a substantial showing of the denial of a constitutional right. Petitioner has made no such showing. Rather, it is clear that the Petitioner

has failed to meet the one-year limitations period set forth in § 2255.  Therefore, the Court denies a certificate of appealability.  Pursuant to Rule 11(a), Petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

### 4.  Conclusion

Accordingly, this Court **DENIES** Petitioner's § 2255 motion (Docs. 1 & 3) and **DISMISSES** this action.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.  Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** December 17, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**